IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

OSIRIS PICHARDO,

    Petitioner,

vs.

CIVIL ACTION NO.: CV511-069

MICHAEL ZENK, Warden, and
UNITED STATES OF AMERICA,

    Respondents.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Osiris Pichardo ("Pichardo"), who is currently incarcerated at the D. Ray James Correctional Facility in Folkston, Georgia, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Respondents[1] filed a Response. For the reasons which follow, Pichardo's petition should be **DISMISSED**.

## STATEMENT OF THE CASE

Pichardo was convicted in the Eastern District of New York, after pleading guilty, of conspiracy to commit robbery, in violation of 18 U.S.C. § 1951(a). He was sentenced to 103 months' imprisonment, to be followed by three (3) years' supervised release. (Doc. No. 7-1, p. 7). Pichardo has a projected release date of July 27, 2017, via good conduct time release.

---

[1] The only properly-named respondent in a section 2241 petition is the warden at the inmate's current place of incarceration. Rumsfeld v. Padilla, 542 U.S. 426, 434-35 (2004). Thus, Donald Stine would be the properly named Respondent in this case.

AO 72A
(Rev. 8/82)

In the instant petition, Pichardo requests a six (6) month reduction in his sentence. Pichardo asserts that he is a deportable alien, and, as such, he is ineligible for early release after his completion of the Residential Drug Abuse Program and for halfway house release. (Doc. No. 2). Respondents contend that Pichardo's petition should be dismissed for want of subject matter jurisdiction based on Pichardo's failure to exhaust his administrative remedies. (Doc. No. 7).

## DISCUSSION AND CITATION OF AUTHORITY

"[P]risoners seeking habeas relief, including relief pursuant to [28 U.S.C.] § 2241," must exhaust all available administrative remedies. Skinner v. Wiley, 355 F.3d 1293, 1295 (11th Cir. 2004). If a petitioner fails to exhaust his administrative remedies before seeking redress in the federal courts, the court should dismiss the case for want of jurisdiction. Winck v. England, 327 F.3d 1296, 1300 n.1 (11th Cir. 2003) (citing Gonzalez v. United States, 959 F.2d 211, 212 (11th Cir. 1992)). "Also jurisdictional is '[t]he general rule . . . that a challenge to agency actions in the courts must occur after available administrative remedies have been pursued.'" Id. (quoting Boz v. United States, 248 F.3d 1299, 1300 (11th Cir. 2001)).

In Porter v. Nussle, the United States Supreme Court held that exhaustion of available administrative remedies is mandatory. 534 U.S. 516, 523 (2002). The Supreme Court has noted exhaustion must be "proper." Woodford v. Ngo, 548 U.S. 81, 92 (2006). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." Id. at 90-

AO 72A
(Rev. 8/82)

91.[2] In other words, an institution's requirements define what is considered exhaustion. Jones v. Bock, 549 U.S. 199, 218 (2007). It is not the role of the court to consider the adequacy or futility of the administrative remedies afforded to the inmate. Higginbottom v. Carter, 223 F.3d 1259, 1261 (11th Cir. 2000). The court's focus should be on what remedies are available and whether the inmate pursued these remedies prior to filing suit. Id.

Inmates at D. Ray James must exhaust administrative remedies, beginning their grievance process locally with the Warden by using the contractor's[3] grievance procedures. (Doc. No. 7-1, p. 2). This involves an attempt at informal resolution, which, if unsuccessful, is followed by a formal complaint via a Step 1 administrative remedy form. Id. If the inmate is not satisfied with the resolution of the formal complaint, the inmate may appeal to the Bureau of Prisons' ("BOP") Administrator of the Privatization Management Branch, so long as the appeal involves BOP related matters.[4] Id. If the inmate is not satisfied with the Privatization Administrator's response, the inmate may make a final appeal to the BOP's Office of General Counsel. (Id. at p. 3). If an inmate files an administrative remedy concerning a BOP related matter, the administrative remedies will be recorded in the BOP's SENTRY computer database. (Id.).

---

[2] Although Woodford was a civil rights suit rather than a habeas petition, the Court "noted that the requirement of exhaustion is imposed by *administrative law* in order to ensure that the agency addresses the issues on the merits." Fulgengio v. Wells, CV309-26, 2009 WL 3201800, at *4 (S.D. Ga. Oct. 6, 2009) (emphasis in original) (quoting Woodford, 548 U.S. at 90) (internal punctuation omitted). Thus, exhaustion requirements are applicable to habeas petitions.

[3] The BOP contracts with GEO Group, Inc., to house approximately 2,200 low security criminal alien inmates at D. Ray James Correctional Facility. (Doc. No. 7, p. 2).

[4] Examples of BOP related matters which must be appealed through the BOP are: sentence computations, reduction in sentences, removal or disallowance of good conduct time, and an inmate's eligibility for early release upon successful completion of the Residential Drug Abuse Program. (Doc. No. 7-1, pp. 2-3).

AO 72A
(Rev. 8/82)

The issues raised in Pichardo's petition involve BOP related matters. (Id.). Pichardo has not filed a BOP administrative remedy during his incarceration, as shown by the SENTRY database. (Id. at pp. 3, 10). Therefore, he has not exhausted his available administrative remedies regarding the issues raised in his petition. As Pichardo has not exhausted his available administrative remedies, the Court lacks subject matter jurisdiction to hear his petition. Pichardo is not entitled to § 2241 relief.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Pichardo's § 2241 petition be **DISMISSED**, without prejudice, due to Pichardo's failure to exhaust his available administrative remedies.

**SO REPORTED** and **RECOMMENDED**, this 27th day of September, 2011.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE